1811.
JUNE.

Karn
vs
Hughes

KARN's Lessee vs. HUGHES.

A and B claim-
ed the same land
under different
grants, bearing
the same date, is-
sued on certificate
of survey, also
bearing the same
date, made under
common warrants;
that to B granted
by renewment on
the 29th of Octo-
ber 1754. and that
to A granted on
the 3d of February
1755, but A's cer-
tificate was first
examined and
passed. In an ac-
tion of ejectment
brought by the
lessee of A—Held,
that he was not
entitled to reco-
ver, although the
grant to A actual-
ly issued before
the grant to B.

APPEAL from *Washington* County Court. This was an action of ejectment to recover a tract of land called *Walling's Mistake.* The defendant, (now appellee,) took defence on warrant, and plots were made.

1. The plaintiff at the trial produced in evidence a grant for the tract of land called *Walling's Mistake,* dated the 8th of March 1755, to *Alexander M'Cullom,* for 25½ acres of land, which grant recites a common warrant granted on the 5th of March 1755, to the said *M'Cullom,* for 25½ acres of land, and a certificate of survey made the 8th of March 1755. He also offered evidence, from the records of the land office, that the warrant issued on the 3d of February 1755, that the survey was made on the 8th of March 1755, and was examined and passed on the 10th of December 1755, and that the grant issued thereon on the 8th of March 1755. He also offered in evidence a deed from *M'Cullom* to the lessor of the plaintiff, for said land, dated the 22d of March 1802. He also proved, that in March 1754, *M'Cullom* lived on the land, and always claimed it. The defendant then offered in evidence a grant to *James Walling* for *Teague's Disppointment,* dated the 8th of March 1755, for 30 acres of land, reciting a warrant dated by renewment the 29th of October 1754, and a certificate thereunder returned the 8th of March 1755, and which was examined and passed on the 30th of June 1756. He also offered in evidence a deed from *Walling* to *John Mason* for the last mentioned land, dated the 29th of October 1765. He also proved, that 30 years ago one *Kearsly* lived upon the said land, and afterwards one *Stiffy,* both of whom claimed under the defendant; that afterwards one *Wolf* lived on it, and claimed under *M'Cullom,* who sold his right to one *Myers,* and after *Myers* left it, *M'Cullom* sold the same to the plaintiff's lessor by the deed before mentioned. He also proved, that on the 28th of April 1791, a warrant of forcible detainer was issued against *Myers,* and when the jury met the dispute was agreed, and *Myers* became the tenant of the defendant, and that *Wolf* was present at the time, and that the defendant has ever since remained in possession. The plaintiff then prayed the court to direct the jury, that if they were of opinion from the evidence, that the certificates of surveys for *Wal-*

*Ting's Mistake* and *Teague's Disappointmen'*, bear date on the same day, but that the grant for *Walling's Mistake* actually issued before the grant for *Teague's Disappointment*, that then the plaintiff was entitled to recover. Which direction the court, [*Clagett* and *Shriver* A. J] refused to give. The plaintiff excepted.

2. The defendant then prayed the court to direct the jury, that under the evidence offered, the plaintiff was not entitled to recover. This direction the court gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before POLK, NICHOLSON, and EARLE, J. by

*T. Buchanan*, for the Appellant; and by
*Brooke*, for the Appellee.

**JUDGMENT AFFIRMED.**

<div style="text-align:right">1811.<br>Peter<br>vs<br>Schley</div>

---

## PETER vs. SCHLEY'S Lessee.

<div style="text-align:right">JUNE.</div>

ERROR to *Frederick* County Court. Ejectment to recover a leasehold interest in a tract of land called *Lost and Found*. Defence was taken on warrant, and plots were made.

1. At the trial the plaintiff, (now appellee,) read in evidence a grant to *Joseph Beall* for the tract called *Lost and Found*, containing 85 acres, dated the 23d of April 1748, and also a grant to said *Beall* for a tract called *Choice Improved*, containing 649 acres, dated the 8th of November 1752, and also a lease from the patentee for part of said lands to *John Beall*, dated the 22d June 1765, and a lease from *John Beall* to *Jacob Harman*, dated the 1st day of April 1775. The last lease was as follows: "*Frederick* county, in *Maryland*, to wit. This indenture, made the eleventh day of April in the year of our Lord seventeen hundred and seventy-five, between *John Beall* of the one part, and *Jacob Harman*, millwright, of the

<div style="font-size:small">A lease by the grantee of a tract of land for a part thereof, on the 22d June 1765, to J B. for 71 years, at the annual rent of 5l, who on the 11th of April 1775, assigned the lease to J H for 60 years at the annual rent of 100l until the 24th March 1779, and 50l for one year commencing the 24th March 1780, and a pepper corn annually for the residue of the term, with a clause of re-entry, &c and a covenant to pay the rents or vacate the premises, &c. and a covenant to pay the original lessee the rent of 5l during the term. J H, entered in 1775, and continued until 1780, and then left the premises. J R was in possession on 26th of</div>

<div style="font-size:small">February 1785, claiming under the lessor of the plaintiff; and 330l being unpaid to J B, he then entered &c. under the lease of the 11th of April 1775, and possession was given up to him by J R. On the 13th of April 1791, J B leased to the defendant, who entered on the premises, improved the same, and paid taxes, &c ever since. *Held*, that it was optional in J H to pay the stipulated rent according to the lease, or to vacate the premises. The interest which J H had in the lease could not be vacated, or transferred to J B, by the facts stated. His interest in the land being for a term exceeding seven years, could not be transferred by him otherwise than in the way prescribed by the act of 1766, ch 14, and no acts *in pais* were competent to that purpose. His liability to pay the rent would continue until some act was done by him legally operative to vacate the premises.
Where the facts stated were not, in the opinion of the court, a vacation of the premises, the power of the court is not to be transferred to the jury to make a legal deduction from the evidence, contrary to the opinion expressed by the court on those facts.</div>